UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARIANNE DIAZ, individually and as mother and next friend of two minor children Jane Doe and Jane Roe, BRYANT ALEQUIN, and JOSHUA MATOS, <br>          Plaintiffs, <br><br> v. <br><br> SGT. JAMES P. DEVLIN, DET. NICHOLAS E. NASON, DET. JEFFREY CARLSON, LT. DET. JOSEPH SCAMPINI, SGT. RICHARD CIPRO, DET. JAMES CARMODY, OFF. ANTHONY LORENTE, DET. TERRENCE GAFFNEY, DET. JOHN MORRISEY, DET. SHAWN BARBALE, DET. RONALD REMILLARD, OFF. REBECCA AGUILAR, OFF. ELIAS BAEZ, CITY OF WORCESTER, CHIEF GARY J. GEMME, CAPT. PAUL SAUCIER, CITY MANAGER EDWARD M. AUGUSTUS, POLICE INFORMANT CR-1, and OFFS. JOHN DOE 1-4, <br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br> NO. 16-40039-TSH |

## MEMORANDUM AND ORDER
### August 28, 2018

**HILLMAN, D.J.**

### Background

On April 3, 2018, Magistrate Judge Hennessy issued an Order (Docket No. 137)("Order") *granting* Defendants' Motion To Compel The Affidavit of Non-Party Witness Robert Sykes (Docket No. 125). Before the Court is Plaintiffs' Objection (Docket No. 139) to that Order. For the reasons stated below, Plaintiffs' Objection is **overruled**.

**Facts**

As detailed in the Order, Plaintiffs allege the Massachusetts State Police used excessive force while executing a no-knock search warrant at their residence on August 19, 2015. One of the Plaintiffs was purportedly held at gunpoint, prevented from clothing herself, and frisked under her bathrobe. A second Plaintiff, who was asleep on the couch, was allegedly commanded to get on the ground, and, in an effort to comply, his hand was stepped on by an officer, causing it to fracture. Finally, a third Plaintiff was allegedly forced to the ground at gunpoint after officers kicked down a bathroom door.

Robert Sykes, a tenant in the building, was a witness to the events described above. To memorialize his observations, Mr. Sykes signed an affidavit that was drafted by Plaintiffs' counsel on or about September 15, 2015 (the "Sykes Affidavit"). Plaintiffs disclosed the existence of the Sykes Affidavit to the Defendants in November 2017, however, Plaintiffs' counsel asserted it was attorney work-product, and thus, not discoverable. Defendants deposed Mr. Sykes on December 5, 2017, but when asked to describe the contents of his affidavit, he testified, "I can't because I don't remember . . . . It's been too long."

After reviewing the Sykes Affidavit *in camera*, Magistrate Judge Hennessy found it was "nothing more than statements of facts within the affiant's personal knowledge," and, as such, not protected by the attorney work-product doctrine. While noting an affidavit could, in certain circumstances, reveal attorney work-product, Magistrate Judge Hennessy determined Mr. Sykes's Affidavit did not disclose any protected material. Further, *assuming arguendo* that the affidavit was work-product, the Magistrate Judge held that Defendants' need for it outweighed Plaintiffs' interest in preventing disclosure. More specifically, because Mr. Sykes's deposition

answers were "incomprehensible," the affidavit would provide "clarity concerning [Mr. Sykes's] account of the relevant events."

## Standard Of Review

The order of a magistrate judge may be reversed only if it is "clearly erroneous or contrary to the law." Fed. R. Civ. P. 72(a). Consequently, the order must be accepted unless there is a "strong, unyielding belief that a mistake [was] made." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) *(*quoting *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir. 1990)); *see also United States v. Garcia*, 983 F.2d 1160, 1166 (1st Cir. 1993) (a magistrate judge's discovery order may be set aside only where it is clearly erroneous or contrary to the law). An order is "clearly erroneous" if the magistrate judge made a mistake concerning a question of fact. *See Concrete Pipe & Prods. v. Constru. Laborers Pension Tr.,* 508 U.S. 602, 622 (1993). Moreover, an order is "contrary to the law" if the magistrate judge made a mistake with respect to a legal determination. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14-15 (1st Cir. 2010). "[T]here is no practical difference between . . . [the] 'contrary to law' standard and review under . . . [the] de novo standard." *Id.* at 15.

## Discussion

Plaintiffs object to Magistrate Judge Hennessy's Order on the following grounds: (1) Plaintiffs contend there is no case law, other than trial court opinions, to support Magistrate Judge Hennessy's finding; (2) Plaintiffs claim Magistrate Judge Hennessy mistakenly relied on *Stamps v. Town of Framingham*, 38 F.Supp.3d 134 (D. Mass. 2014) to find the work-product doctrine does not protect purely factual statements; and (3) Plaintiffs assert Magistrate Judge Hennessy's decision would "introduce a glaring divergence of holdings" in light of this Court's

3

decision in *Ortiz v. City of Worcester*, Civ. Act. No. 15-40037-TSH, 2017 WL 1948523 (D.Mass. May 10, 2017).

Attorney Work-product Doctrine

The work-product doctrine prevents certain attorney-prepared materials from becoming discoverable. Protected materials include an attorney's "files and mental impressions . . . reflected, of course, in the interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S.Ct. 685 (1947). The doctrine protects "an attorney's ability to formulate legal theories and prepare cases," and prevents the parties from "freeloading" off each other's work. *Stamps v. Town of Framingham*, 38 F.Supp.3d 134, 145 (D. Mass. 2014) (citing *Jean v. City of New York*, 2010 WL 148420, at *2 (E.D.N.Y. Jan. 12, 2010)). "Whatever the outer boundaries ... are, the rule clearly applies to memoranda prepared by an attorney in contemplation of litigation which set forth the attorney's theory of the case and his litigation strategy." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154-55, 95 S.Ct. 1504 (1975). Facts, on the other hand, are not protected from disclosure by the work-product doctrine. Mutual knowledge of relevant facts is essential to proper litigation, and therefore, "either party may compel the other to disgorge whatever facts he has in his possession ... ." *Hickman*, 329 U.S. at 507, 67 S.Ct. 685; *see also* Fed. R. Civ. P. 26(b)(3) Advisory Comm. Note (1970) ("No change is made in the existing doctrine, noted in the *Hickman* case, that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable."). Further, "[a] party should not be allowed to conceal critical, non-privileged, discoverable information ... simply by ... attempting to hide behind the workproduct doctrine." *Xerox Corp. v. IBM*, 64 F.R.D. 367, 381-82 (S.D.N.Y. 1974). As such,

relevant, underlying facts contained in materials prepared by an attorney have generally been held to be discoverable. *See EEOC v. Jamal & Kamal, Inc.*, Civ. Act. No 06-2667, 2006 WL 2690226, at *2 (E.D.La. Sep. 18, 2006); *see also Upjohn v. United States*, 449 U.S. 383, 395-96, 101 S.Ct. 677 (1981) (finding the attorney-client privilege, for example, protects the disclosure of communications, but not the underlying facts in the communications); *In re Murphy*, 560 F.2d 326, 336 n.20 (8th Cir. 1977) (noting relevant facts contained in work-product are discoverable upon a proper showing).

In this case, the document at issue is a signed witness affidavit prepared by the Plaintiffs' attorneys. There is disagreement among the courts concerning the applicability of the work-product doctrine to signed witness statements and affidavits. *Compare Murphy v. Kmart Corp.*, 259 F.R.D. 421, 430 (D.S.D. 2009) (holding affidavits are merely statements of fact, and thus, not protected) and *Tuttle v. Tyco Elecs. Installation Servs.*, Civ. Act. No. 2:06-cv-581, 2007 WL 561530, at *4 (S.D. Ohio Dec. 21, 2007) (determining the doctrine protects information relevant to the "evolution of an affidavit," but not the final version) *with E.E.O.C. v. Rose Casual Dining, L.P.*, Civ. Act. No. 02-7485, 2004 WL 231287, at *2-3 (E.D. Pa. Jan. 23, 2004) ("Witness statements prepared at the direction of counsel in anticipation of litigation ... are classic examples of attorney work product ...") and *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 510 (S.D. Cal. 2003) (finding signed witness statements are fact work-product, regardless of whether they contain the mental impressions of counsel). While a judge in this Court has previously recognized that an attorney's verbatim recordation of a witness statement may be discoverable, *see Molloy v. Trawler Flying Cloud, Inc.*, 10 F.R.D. 158, 159 (D.Mass. 1950), the issue has never been decided by the First Circuit.

Given that there is no binding precedent in this Circuit, Magistrate Judge Hennessy cited a number of cases from other district courts that he found to be persuasive. *See FDIC v. Arrillaga-Torrens*, 212 F. Supp. 3d 312, 367-68 (D.P.R. 2016)(defendant's counsel refused to disclose copies of witness affidavits, citing work-product doctrine. Court after stating that trial is intended to "'be less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent,'" ordered that affidavit that was solely comprised of factual information to be disclosed); *Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 421-22 (D.N.J. 2009)(attorney's role in preparing a witness affidavit "does not suffice to convert what is otherwise purely factual testimony by an affiant into work product." In so holding, the court noted that the "primary purpose of [the work-product doctrine] is to protect counsel's trial strategies and mental impressions, not its choice as to an affiant's testimony of underlying facts."); *Murphy*, 259 F.R.D. 421, at 424 (attorney-prepared documents are discoverable if they contain "relevant and nonprivileged facts"); *Basaldu v. Goodrich Corp.*, Civ.Act.No. 4:06-cv-23, 2009 WL 1160915, at *2 (E.D. Tenn. Apr. 29, 2009)(affidavit, even when prepared by an attorney, is still the witness's own statement. To that end, "'an attorney's memorialization of events, effectively acting as a stenographer, does not fall within the sphere of documentation protected by the work product privilege.'") .

That attorney prepared affidavits comprised of factual statements are not protected by the work-product doctrine appears to be the majority view. *See Murphy*, 259 F.R.D., at 431. *See also Hernandez v. Starbucks Coffee Co.*, Civ. Act. No. 0:09-cv-60074-WPD. 2010 WL 11505468 (S.D. Fla. Apr. 23, 2010); *Basaldu v. Goodrich Corp.*, Civ.Act.No. 4:06-cv-23, 2009 WL 1160915, at *2 (E.D. Tenn. Apr. 29, 2009); *Walker v. George Koch Sons, Inc.*, Civ. Act. No. 2:07cv274 KS-MTP, 2008 WL 4371372, at *5-6 (S.D. Miss. Sep. 18, 2008)( "affidavits merely

recite relevant facts within the affiants' personal knowledge, rather than revealing an attorney's mental impressions or legal strategy" and as such, the mere fact that an attorney drafted an affidavit does not make it work-product); *Tuttle,* 2007 WL 4561530*, at \*2* (work-product doctrine protects an attorney's mental impressions, conclusions, and/or legal theories, but not underlying facts. Consequently, "[a]ffidavits are normally not protected by the work-product doctrine for the very reason that an affidavit 'purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel'").

### Plaintiffs' First Objection

Plaintiffs assert that "[o]ther than trial court opinions, there is simply no case law to sustain the notion that attorney fact work-product does not fall within the plain language of Fed.R.Civ.P. 23(b)(3) [sic]"[1]. Plaintiffs further argue that "there may be a body of trial court sentiment favoring abolition or contraction of the fact work-product privilege;" however, "not one appellate case . . . endorses [this] position." As previously noted, the First Circuit has not addressed the issue of whether third-party witness affidavits are protected by the work-product doctrine. While this Court is not bound by the holdings of other district courts, like Magistrate Judge Hennessy, I am persuaded by the reasoning in the abovementioned cases which hold that the work-product doctrine does not protect third party witness affidavits containing primarily factual information rather than mental impressions and opinions of counsel.

### Plaintiffs' Second Objection

Plaintiffs also claim Magistrate Judge Hennessy mistakenly relied on *Stamps* to find the work-product doctrine does not protect purely factual statements. More specifically, counsel

---

[1] Plaintiffs cite to Fed. R. Civ. P. 23(b)(3), which concerns the certification of class actions. I presume that this was merely a typographical error and that Plaintiffs intended to cite to Fed. R. Civ. P. 26(b)(3), which concerns attorney work-product.

7

contends that the reasoning of *Stamps* is "inapplicable" because that case involved a dispute over notes taken by a police officer during the course of duty, whereas the instant case involves an affidavit prepared by an attorney in anticipation of litigation. First, even if I were to assume that Magistrate Judge Hennessy improperly applied *Stamps* to the facts of this case, I would still find that the affidavit is discoverable based on my reading of other applicable case law, as discussed above. Moreover, I do not find that Magistrate Judge Hennessy's reliance on *Stamps* was misplaced. In *Stamps,* the court found the officer's notes contained "purely factual statements and [did] not include any opinions or impressions." *Stamps*, 38 F.Supp.3d *at* 145. As such, the court held disclosure would not implicate any of the interests protected by the work-product doctrine, including "'an attorney's ability to formulate legal theories and prepare cases, preventing opponents from freeloading off their adversaries' work, and preventing interference with ongoing litigation.'" *Id* (citation to quoted case omitted). It is true that the primary focus of *Stamps* concerned the relationship between the work-product doctrine and non-party actors. However, in making its ruling, the court carefully analyzed the type of documents that are traditionally protected as work-product and found that statements that contain primarily factual information are not protected. That reasoning is equally applicable in this case.

<u>Plaintiffs' Third Objection</u>

Plaintiffs assert that *this* Court has recognized that third-party witness statements are attorney work-product, and if the Magistrate Judge Hennessy's finding is affirmed, there would be ". . . a glaring divergence of holdings . . . ." More specifically, Plaintiffs cite to *Ortiz*, an opinion authored by Magistrate Judge Robertson. In *Ortiz*, Magistrate Judge Robertson held that a witness's "written statement, which was obtained by Plaintiff's counsel and his investigator, is indisputably work-product, and, therefore, a document that Plaintiff was not required to produce

8

in the absence of a showing by the defendants of substantial need." *Ortiz*, 2017 WL 1948523, at *4. Magistrate Judge Robertson made this conclusion without doing an analysis of whether a witness's affidavit comprised of factual statements is protected by the work-product doctrine. It does not appear that the party that sought to compel disclosure made this argument. This may be due to the fact that the statement itself was deemed discoverable because the producing party waived work-product protection by inadvertently producing it. The primary issue before Magistrate Judge Robertson was whether the party seeking disclosure could make inquiry at a deposition about the circumstances surrounding the making of the statement. Accordingly, I have never ruled on this issue and my affirmance of Magistrate Judge Hennessy's ruling does not create any type of conflicting precedent by *this* Court.

<u>They Sykes Affidavit must be Disclosed</u>

The disclosure of Mr. Sykes's affidavit does not implicate any of the interests protected by the work-product doctrine. Like Magistrate Judge Hennessy, I have conducted an *in camera* reviewed the Sykes Affidavit and find that it contains only factual information and does not incorporate any opinions or impressions of counsel. Accordingly, this Court sees no reason why counsel's ability to formulate legal theories and/or prepare a case would be affected by its disclosure. Moreover, even if I were to find that the Sykes Affidavit was covered by the work-product doctrine, I find that Magistrate Judge Hennessy correctly determined that the Defendants have established a substantial need for its disclosure and that the equivalent information contained therein cannot be obtained without undue hardship.

For the reasons stated above, I find that Magistrate Judge Hennessy's Order was not clearly erroneous or contrary to the law. Therefore, Plaintiffs' objections are overruled and they

shall produce the Sykes Affidavit to the Defendants on or before Wednesday, September 5, 2018.

## Conclusion

Plaintiff's Objection (Docket No. 139) is *overruled*.

**SO ORDERED.**

>*/s/ Timothy S. Hillman*
>**TIMOTHY S. HILLMAN**
>**U.S. DISTRICT COURT JUDGE**